## 36155. COUNCIL *v.* SLEEP'S HELPY-SELFY LAUNDRY, INC.

DECIDED MAY 3, 1956.

*J. Neely Peacock, Jr.,* for plaintiff in error.
*Burt & Burt,* contra.

FELTON, C. J.   The plaintiff does not allege that her hand was caught in the rollers of the wringer due to some defect in the rollers or the machine.  The only "defect" alleged was that there was no "means of automatically or manually stopping the motion of the rollers of the wringer when a human hand became engaged therein."   The purpose of the lever on the wringer as alleged and as instructed by the defendant's employee was to reverse the direction of the rollers in case *clothes* became wrapped around the rollers.  If the machine was defective and if the defendant was negligent, it was because there were no "means of automatically or manually" stopping the machine.  On general demurrer the petition must be construed to mean that the defendant was negligent in not furnishing some manual means of stopping the wringer.  The plaintiff alleged that the machine was turned on and off by the use of a string or chain which hung behind the operator of the machine.  It is not alleged that such method of stopping the wringer was ineffective or that the plaintiff could not reach or use this means of stopping the machine when her hand became caught in the rollers.  In the absence of an allegation that this method of stopping the wringer was defective or ineffective, or that she could not reach the string or

chain when her hand became caught, she fails to allege that there was no means of manually stopping the machine. In the absence of such allegations, the other allegations of negligence are without merit because such acts or omissions could have been negligent ones only if the plaintiff could not have stopped the machine by use of the chain or string provided for that purpose.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*